Jon B. Allison (0073955)<br>
Randolph H. Freking (0009158)<br>
Trial Attorneys for Plaintiff

## COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| KEVIN J. CRAWFORD<br>1134 Salem Ridge Lane<br>Cincinnati, OH 45230 | : : : | Case No. _____<br><br>Judge _____ |
| Plaintiff, | : : : | |
| v. | : : : | |
| THE NIELSEN COMPANY (US), LLC<br>c/o Cogency Global, Inc.<br>3958-D Brown Park Drive<br>Hilliard, OH 43026 | : : : : | **COMPLAINT WITH JURY DEMAND**<br>**ENDORSED HEREON** |
| Defendant. | : : | |

### PARTIES

1. Plaintiff Kevin J. Crawford is a citizen of the State of Ohio.

2. Defendant The Nielsen Company (US), LLC is a corporation that does business in Hamilton County, Ohio.

3. Defendant is an employer within the meaning of state law.

### JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Defendant in this case and subject matter jurisdiction over the allegations in the Complaint.

5. Venue is proper in this county because the actions giving rise to the Complaint occurred in Hamilton County, Ohio.

### FACTUAL ALLEGATIONS

6. Plaintiff Kevin J. Crawford was born in 1963.

7. Plaintiff Crawford became employed with Defendant in 2014.

8. Plaintiff Crawford was a loyal, dedicated and highly successful employee throughout his employment with Defendant.

9. Plaintiff was well qualified for the positions he held with Defendant.

10. In 2016, Plaintiff was offered the opportunity to be promoted into three different roles.

11. Plaintiff Crawford accepted the position of Senior Vice President, Retail Client Service in the Commercial - Retail department.

12. In that position, Plaintiff continued to perform at a high level.

13. In August of 2017 Jeanne Danubio was appointed Executive Vice President of U.S. Retail.

14. Plaintiff Crawford began reporting to Danubio at that time.

15. Danubio demonstrated bias towards older and male employees.

16. She made public remarks demonstrating her bias, including stating her preference to have women reporting to her rather than men.

17. A representative from Human Resources witnessed these comments and acknowledged they are evidence of discriminatory bias.

18. Plaintiff responded to a 360 feedback request and reported that Danubio was biased against men in the workplace.

19. The bias against older and male employees was reflected in personnel decisions impacting Plaintiff Crawford over the course of the remaining months of his employment.

20. Although his role had progressively expanded under his prior boss, following the appointment of Danubio, she progressively removed responsibilities from Plaintiff Crawford and reassigned those duties to younger employees, almost all of whom were female.

21. In February of 2018, Danubio gave Plaintiff Crawford a poor performance review based on falsehoods. She completely ignored his performance against established goals.

22. Plaintiff Crawford was then issued the lowest bonus in the entire Retail organization as a result of the biased review.

23. In March of 2018 Plaintiff Crawford complained to Human Resources regarding the biased process that resulted in the low bonus.

24. On May 22, 2018 Plaintiff Crawford was notified that he was being terminated as part of an alleged reduction-in-force effective June 1, 2018.

25. Of the two employees holding similar roles in the in the Retail organization, Plaintiff Crawford was terminated while a female who is less qualified than Plaintiff Crawford was retained. Additionally, a significantly younger and less qualified female at the SVP level who had been assigned a portion of Plaintiff Crawford's duties prior was retained.

26. When severance documents were issued, Plaintiff Crawford noted that the severance policy had been changed effective 2018 to provide for a fraction of the severance that was offered in prior years.

27. The OWBPA paperwork accompanying the severance offer was incomplete and inaccurate. There appeared to be no criteria and no decisional unit was identified. There were other issues.

28. What was evident from a review of the OWBPA paperwork was the impact on older workers. 35.7% of employees were in their 20s at the time of the reduction-in-force, but

only 7% of those terminated were in their 20s. By way of contrast, 13.8% of employees were in their 50s at the time of the reduction-in-force, but 32.6% of those terminated were in their 50s.

29. Approximately 86 employees were terminated. Just over a month later, Defendant hired approximately 75 recent college graduates.

30. Defendant engages in a pattern and practice of discriminating against older workers.

## COUNT I

### (Age Discrimination – R.C. Chapter 4112)

31. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

32. Plaintiff is over 40 years of age.

33. Plaintiff was fully qualified for his position at all relevant times.

34. Defendant's conduct in discriminating against Plaintiff includes, but is not limited to, treating him less favorably than similarly situated, significantly younger employees and terminating his employment on account of his age in violation of R.C. Chapter 4112.

35. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

36. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages for which he is entitled to recovery.

## COUNT II

### (Gender Discrimination – R.C. Chapter 4112)

37. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

38. Plaintiff was fully qualified for his position at all times.

39. Defendant discriminated against Plaintiff because of his gender by treating him less favorably than similarly-situated female employees and terminating his employment on account of his gender, in violation of R.C. Chapter 4112.

40. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

41. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages for which he is entitled to recovery.

## COUNT III

### (Retaliation – R.C. Chapter 4112)

42. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

43. Plaintiff engaged in protected activity by complaining about the discriminatory actions being taken against him.

44. Defendant terminated Plaintiff's employment without legitimate cause, for a pretextual reason, because he engaged in activity protected by R.C. Chapter 4112.

45. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

46. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages for which he is entitled to recovery.


**WHEREFORE**, Plaintiff Kevin J. Crawford demands judgement against Defendant as follows:

(a) That Plaintiff be reinstated;

(b) That Plaintiff be awarded all lost pay, front pay and benefits;

(c) That Plaintiff be awarded compensatory damages;

(d) That Plaintiff be awarded punitive damages;

(e) That Plaintiff be awarded liquidated damages;

(f) That Plaintiff be awarded pre-judgement and post-judgement interest;

(g) That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than his compensation over several, separate tax years;

(h) That Plaintiff be awarded reasonable attorneys' fees; and

(i) That Plaintiff be awarded all other legal ad equitable relief to which he may be entitled.

Respectfully Submitted,

/s/ Jon B. Allison
Jon B. Allison (0073955)
Randolph H. Freking (0009158)
Attorneys for Plaintiff
FREKING MYERS & REUL LLC
600 Vine Street, Ninth Floor
Cincinnati, OH 45202
513-721-1975/Fax: 513-651-2570
jallison@fmr.law
randy@fmr.law

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Jon B. Allison